UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 3:12-00076 |
| | ) | JUDGE CAMPBELL |
| ALLEN WALKER, et al. | ) | |

## ORDER

Pending before the Court are the following motions filed by Defendants Allen Walker, Jeffrey Johnson and Billy Griffith. The Court rules on the motions as set forth herein.

Through his Motion To Dismiss Count One Of The Superseding Indictment (Docket No. 229)[1], Defendant Walker argues that the allegations contained in Count One are duplicative in that the crimes of unlawfully distributing and unlawfully dispensing controlled substances are separate offenses and Count One fails to provide sufficient notice of the alleged illegal conduct. In its Response (Docket No. 270), the Government argues that charging more than one offense in an indictment does not necessitate dismissal, but merely requires that the offenses be presented separately to the jury.

The Defendant is charged in Count One as follows:

> Beginning on a date unknown to the grand jury, but at least as early June 1, 2011 through March 21, 2012, in the Middle District of Tennessee and elsewhere, the defendants, [1] ALLEN WALKER, [2] JASON POWELL, [3] MEGAN JOHNSON, [4] ASHLEY JOHNSON, [5] JEFFREY JOHNSON, [6] ROBERT HALL, [7] ANTHONY JAMES, [8] BILLY GRIFFITH and [9] CHARLES POWELL did knowingly and willfully conspire, and confederate and agree with each other and other persons who are known and unknown to the grand jury, to distribute and dispense a Schedule II controlled substance, a Schedule III controlled substance, and a Schedule IV controlled substance, not for a legitimate medical purpose and not in the usual course of professional medical

---

[1] Defendant Walker's Motion has been joined by Defendants Jeffrey Johnson and Billy Griffith. (Docket No. 247).

practice in violation of Title 21, United States Code, Sections 841(a)(1).

All in violation of Title 21, United States Code, Section 846.

(Docket No. 27).

The Sixth Circuit has held that an indictment that alleges alternative means of committing a crime can support a conviction if any of the alleged means are proved. <u>United States v. Donnie Jones</u>, 2013 WL 4045973 (6th Cir. Aug. 12, 2013). Thus, the allegations in Count One are not subject to dismissal because they allege alternative means of violating 21 U.S.C. §§ 841(a)(1) and 846, and the Defendant's motion to dismiss Count One on that basis is DENIED. The parties shall submit proposed jury instructions and verdict forms that address any unanimity issue regarding the charges in Count One.

Through the Motion For A Bill Of Particulars Regarding Count 1 (Docket No. 206), Defendant Walker requests that the Government be required to file a bill of particulars regarding the drug conspiracy charges in Count One of the Superseding Indictment. The Defendant argues that a bill of particulars is necessary because the discovery he has received from the Government does not support a conspiracy charge, but instead reveals a buyer-seller relationship between Defendant Walker and the Co-Defendants. In addition, Defendant Walker contends that a bill of particulars is needed to identify the controlled substances it contends that he distributed or dispensed illegally, as opposed to those for which he has written legitimate prescriptions. According to the Defendant, the Government has provided him with a chart that is over-inclusive.

In its Response (Docket No. 271), the Government argues that a bill of particulars is not necessary because it has provided the Defendant with extensive discovery, including

communications between the Defendant and Co-Defendants setting up meetings, and photographs of a meeting in a parking lot between the Defendant and three of the Co-Defendants to distribute prescriptions. The Government contends that the evidence is sufficient to establish a drug conspiracy.

Rule 7(c) of the Federal Rules of Criminal Procedure provides that an indictment "must be a plain, concise and definite written statement of the essential facts constituting the offense charged." The Sixth Circuit has held that the function of a bill of particulars is to "minimize surprise and assist [the] defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes." United States v. Crayton, 357 F.3d 560, 568 (6th Cir. 2004).

A bill of particulars is not to be used, however, "as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." United States v. Crayton, 357 F.3d at 568. Full disclosure of the requested information by the Government through discovery, however, may obviate the need for a bill of particulars. United States v. Phibbs, 999 F.2d 1053, 1086 (6th Cir. 1993); United States v. Martin, 822 F.2d 1089, 1987 WL 38036, at *3 (6th Cir. July 14, 1987).

The Court concludes that a bill of particulars is unnecessary in this case given the language of the Indictment, and the discovery provided by the Government. It appears that the parties simply disagree as to whether the discovery the Government has provided consists of evidence sufficient to establish a drug conspiracy. Under these circumstances, a bill of particulars is not warranted, and the Defendant's Motion For A Bill Of Particulars Regarding Count 1 (Docket No. 206) is DENIED.

Through his Motion For Early Disclosure Of Government Witnesses And Jencks Act Material (Docket No. 259),[2] Defendant Jeffrey Johnson seeks an order requiring the Government to produce a list of Government witnesses and Jencks Act material for those witnesses at least 15 days prior to trial. Through his Motion For Pretrial Early Disclosure Of Government Witnesses And Jencks Act Material (Docket No. 265), Defendant Billy Griffith requests the same information at least 10 days prior to trial. The Motions are DENIED. The Sixth Circuit has held that, in a non-capital case, the Government is not ordinarily obliged to reveal a list of its witnesses and exhibits in advance of trial. See United States v. McCullah, 745 F.2d 350, 353 (6th Cir.1984); United States v. Turner, 91 Fed. Appx. 489, 491, 2004 WL 540471 (6th Cir. Mar. 17, 2004). The Defendants have not shown any specialized need for a witness list in this case.

The Jencks Act, 18 U.S.C. § 3500, provides that the Government is required to provide to the Defendant a statement made by a Government witness only after completion of the direct examination of that witness. See also Fed. R. Crim. P. 26.2; 16(a)(2). In its Response (Docket No. 269), however, the Government indicates that it will produce Jencks material four days in advance of the trial, and the Government will be held to that representation.

Through the Motion For Disclosure Of Impeaching Information (Docket No. 260),[3] Defendant Jeffrey Johnson requests that the Court order the Government to disclose ten categories of information on or before October 14, 2013. Through his Motion For Early

---

[2] Defendant Johnson's Motion has been joined by Defendant Allen Walker. (Docket No. 264).

[3] Defendant Johnson's Motions (Docket Nos. 260, 261 and 262) have been joined by Defendants Allen Walker and Billy Griffith. (Docket Nos. 264, 267).

4

Disclosure Of Brady Material (Docket No. 261), Defendant Jeffrey Johnson seeks an order requiring the Government to disclose all Brady material in this case on or before October 14, 2013. Through his Motion To Require The Government To Disclose And Unseal All Plea Agreements (Docket No. 262), Defendant Jeffrey Johnson requests that the Court order the Government to disclose and unseal all plea agreements at least 15 days in advance of trial.

Local Criminal Rule 12.01 provides:

> . . . no discovery motion, or motions for disclosure of impeaching information, favorable evidence, existence and substance of promises of immunity, leniency, or preferential treatment, Brady material and/or Giglio material shall be filed in any criminal case unless accompanied by a written statement of counsel certifying that counsel for the moving party. . . has conferred with opposing counsel . . . in an effort in good faith to resolve by agreement the subject matter of the motion, but has not been able to do so. In addition, the written statement shall specify the information that has been made available by the moving party to opposing counsel or party and by the opposing party to the moving party or counsel prior to the filing of the motion.

The Motions are DENIED for failure to comply with the requirements of the Local Rule. The Defendants may raise any objection based on the Government's failure to comply with disclosure obligations at the appropriate time. The Court notes that in its Response (Docket No. 269), the Government indicates that it is aware of its disclosure obligations, and will provide the requested information four days prior to trial.

It is so ORDERED.

                                                       TODD J. CAMPBELL
                                                     UNITED STATES DISTRICT JUDGE